**CORNERSTONE HOME BUILDERS, INC., Plaintiff,**

v.

**Hugh J. McALLISTER, III, Defendant.**

**No. 8:01–CV–2028–T–MAP.**

United States District Court,
M.D. Florida,
Tampa Division.

March 26, 2004.

Arthur W. Fisher, III, Arthur W. Fisher, III, P.A., Tampa, FL, for Cornerstone Home Builders, Inc., a Florida corporation, plaintiff.

Michael Alan Linsky, Linsky & Reiber, Tampa, FL, Hugh J. McAllister, III, Pro se, Santa Clara, CA, Frank R. Jakes,

Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Keith M. Goan, Prieto, Prieto & Goan, P.A., Tampa, for Hugh J. McAllister, III, an individual, Imagination Custom Homes, Inc., a Florida corporation, Ramona L. Morejon, an individual, defendants.

## ORDER

PIZZO, United States Magistrate Judge.

Following a non-jury trial, this Court entered judgment in favor of Plaintiff Cornerstone in the amount of $34,368.00 finding Defendant Hugh McAllister's willfully infringed Cornerstone's architectural copyright (VA 1–1016–930). At this juncture, Cornerstone seeks $42,332.00 in attorney's fees and $394.50 in untaxable costs (doc. 69); McAllister opposes the request (doc. 73).

Pursuant to 17 U.S.C. § 412 "... no award of statutory damages or of attorney's fees, as provided in sections 504 and 505, shall be made for—(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless the registration is made within three months after first publication of the work."[1] The Eleventh Circuit holds that a plaintiff is not entitled to attorney's fees or statutory damages under this section when the work at issue is not registered with the copyright office at the time the alleged infringement occurred. *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1493 (11th Cir.1990) (finding no attorneys' fees or statutory damages available to MGB under the Copyright Act because the architectural advertising materials were not registered with the copyright office at the time the alleged infringement occurred). The term "commenced" is defined as the first act of infringement in series of ongoing separate infringements. *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 143 (5 th Cir.1992) (finding the language of 17 U.S.C. § 412 reveals Congress' intent that statutory damages be denied not only for the particular infringement that a defendant commenced before registration, but for all of the defendant's infringements of a work if one of those infringements commenced prior to registration).

Though Cornerstone accepts this definition, it argues the infringement "commenced" when the infringing work was "completed" on July 20, 2000, after the registration of the St. Croix on June 14, 2000. Cornerstone attempts to distinguish this case since the first acts of infringement in an architectural infringement case do not amount to a finished product, unlike cases involving copying of products where the first acts of infringement are production and sale of a single infringing product. Plaintiff's reasoning, however, is flawed because courts have found that the first steps of architectural infringement, including tracing architectural floor plans and re-labeling architectural drawings, commence the infringing conduct and not the completion of construction plans as Plaintiff indicates. *See Johnson v. Jones*, 149 F.3d 494, 499–504 (6th Cir.1998) (stating § 412(1) leaves no room for discretion, no award of attorney's fees when infringing activities began a full month before registration); *Robert R. Jones and Assoc., Inc. v. Nino Homes*, 858 F.2d 274, 281 (6th Cir.1988) (overturning district court's award of attorney fees because the infring-

---

1. Fees are inappropriate under 17 U.S.C. § 412(2) since a two line drawing of the St. Croix bearing a copyright notice was available as early as October 1998, more than three months before Bronstein registered the St. Croix architectural design and received a Certificate of Registration from the Register of Copyrights effective June 14, 2000.

ing act of copying of plans occurred after first publication but before registration became effective).

At trial, Morejon testified that she received the architectural sketch from McAllister in May or June 2000. Though no exact date marking the commencement of McAllister's infringing conduct is precisely identifiable, it is likely that the infringement began prior to June 14, 2000, the date Cornerstone received a Certificate of Registration from the Register of Copyrights for its St. Croix design. As a result, I find that the Plaintiff has not proven entitlement to fees under 17 U.S.C. § 412(1).[2]

Accordingly, it is hereby

ORDERED:

1. The Plaintiff's motion for attorney's fees and nontaxable costs (doc. 69) is DENIED.

---

**2.** Alternatively, even if the Defendant's infringement did not commence until after the June 14, 2000, registration, attorney fees are not automatic. Pursuant to 17 U.S.C. § 505, this Court has discretion in determining whether to allow "recovery of full costs ... and a reasonable attorney's fee to the prevailing party as part of the costs." *Fogerty v. Fantasy Inc.*, 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).